IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE VINCENT KUBIS, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| THE DISTRICT ATTORNEY OF | : | NO.  15-2142 |
| BUCKS COUNTY, *et al.,* | : | |
| Respondents. | : | |

### MEMORANDUM OPINION

*Pro se* Petitioner George Vincent Kubis, a prisoner in state custody following his

conviction for robbery, has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b).

Kubis seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed

pursuant to 28 U.S.C. § 2254.  Because the Motion is an unauthorized second or successive

habeas petition over which this Court lacks jurisdiction, it shall be dismissed.

I.      BACKGROUND

The procedural history and factual background of Kubis's conviction is fully set forth in

the Report and Recommendation prepared by Magistrate Judge Sitarski in deciding his initial

habeas claim.  Accordingly, the Court outlines only the information necessary to place the instant

Motion in context.  Kubis filed his habeas petition in this Court on April 20, 2015, raising twenty

claims.  Magistrate Judge Sitarski recommended that Kubis exhausted his state remedies on only

two of the twenty claims, but that both exhausted claims failed on their merits on habeas review.

Those claims were (1) that a photo array was unconstitutionally suggestive, and (2) the

Commonwealth violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to disclose an image

generated by the "FACES" identification system.  She further recommended that claims

involving other identification evidence and asserting ineffective assistance of trial and direct

appeal counsel were unexhausted and procedurally defaulted.  Finally, she recommended that an

additional claim asserting a due process violation arising from the state court's failure to permit

Kubis to act *pro se* on collateral review was not a cognizable habeas claim.  After Kubis filed

objections to the Report and Recommendation, his objections were overruled, and the Court

adopted the Report and Recommendation in an Order filed on December 14, 2018.  A certificate

of appealability was denied in the same Order, as well as by the United States Court of Appeals

for the Third Circuit on July 31, 2019.

Kubis filed the now-pending Rule 60(b) Motion on May 18, 2020.  He asserts that, in the

evidentiary hearing conducted by the state court on his PCRA petition, the Commonwealth

presented misleading or fraudulent testimony about the FACES image to subvert the fact-finding

process and he was deprived of a full and fair hearing.  The Commonwealth filed a response to

the Motion on July 17, 2020.

## II.     STANDARDS

### A.     Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
>      (1) mistake, inadvertence, surprise, or excusable neglect;
>      (2) newly discovered evidence that, with reasonable diligence, could not
>      have been discovered in time to move for a new trial under Rule 59(b);
>      (3) fraud (whether previously called intrinsic or extrinsic),
>      misrepresentation, or misconduct by an opposing party;
>      (4) the judgment is void;
>      (5) the judgment has been satisfied, released, or discharged; it is based on
>      an earlier judgment that has been reversed or vacated; or applying it
>      prospectively is no longer equitable; or
>      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(c) in turn provides the timing within which a Rule 60(b) motion

must be made: either within a year of the entry of order or judgment from which the motion

seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision.  Fed. R. Civ. P. 60(c).

**B.       Second or Successive Habeas Petitions**

Because this is a federal habeas action, however, Rule 60(b) is curtailed in how it can be used, because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007).  A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion.  Brian R. Means, *Federal Habeas Manual* § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner

seeking habeas relief.[1]  It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims."  *Id.* 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)).  "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple."  *Id.* at 532.  "A motion that seeks to add a new ground for relief . . . will of course qualify" as a claim.  *Id.*  The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  *Id.* (footnote omitted).  For purposes of determining if a petitioner is advancing a habeas claim in a Rule 60(b) motion, "on the merits" refers to "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)."  *Id.* at 532 n.4.  Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim.  *Id.* at 531.

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the *federal habeas* court.  *Id.* at 532, 533 n.5.

---

[1] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, alteration in original) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

## III.    DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction

to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion,

the threshold question before the Court is whether Kubis's Rule 60(b) motion is a true Rule 60(b)

motion, or, in reality, a second or successive habeas petition.  In his pending Motion, Kubis does

not challenge the procedure employed by this Court in conducting the AEDPA review of the

state court proceedings, nor does he allege that fraud was committed within contours of the

habeas proceeding itself.  *Gonzales*, 545 U.S. at 533 n.5.  Instead, Kubis's Rule 60(b) claim

essentially reasserts the same *Brady* claim about the FACES image that the Court adjudicated on

the merits in his original habeas petition by now claiming that the Commonwealth presented

fraudulent testimony at the *state court* evidentiary hearing.[2]  Therefore, because he is attempting

to challenge the substance of determination as to whether he is entitled to habeas relief, he is

making a challenge "on the merits" and is thus stating a claim and filing a second or successive

habeas corpus application.  *Id.* at 531-32 & n.4.  Kubis has not received authorization from the

Court of Appeals to file another federal habeas petition to attack the judgment of sentence, and

so this Court lacks jurisdiction to consider his claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction follows.

Because no reasonable juror could debate the propriety of this Court's procedural ruling with

respect to these claims, a certificate of appealability will be denied.  *See Slack v. McDaniel*, 529

U.S. 473, 484 (2000).

---

[2] Even if Kubis had new evidence of fraud perpetrated in his state court proceeding, new evidence is a merits issue and cannot be brought in a successive habeas petition under Rule 60(b) by a state prisoner.  *Gonzales*, 545 U.S. at 531.

**July 29, 2020**                                  **BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE**